**BIG RED BOAT (TWO) LTD.,**
**Plaintiff–Appellee,**

v.

**GREENWICH INSURANCE CO.,**
**Defendant–Appellant.**

Nos. 02–7790(L), 03–7570(CON),
03–7630(XAP).

United States Court of Appeals,
Second Circuit.

Jan. 7, 2004.

Peter J. Gutowski of Freehill, Hogan and Mahar, LLP, New York, NY, for Plaintiff–Appellee.

Shaun F. Carroll of Nourse & Bowles, LLP, New York, NY, for Defendant–Appellant.

Present: FEINBERG, WESLEY, Circuit Judges, and PAULEY,[*] District Judge.

## SUMMARY ORDER

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. After reviewing *de novo* the District Court's thorough and thoughtful analysis of the issues in granting summary judgment to Big Red Boat (Two) Ltd. ("BRB") on its claim for payment pursuant to a surety bond (the "Charter Bond") issued by Greenwich Insurance Company ("Greenwich"), we now affirm.

Greenwich issued the Charter Bond in connection with a charter agreement between BRB, owner of a cruise ship, and Premier Operations Ltd. ("Premier") for the use of the ship. The Charter Bond unambiguously covered all payments due under the charter. Therefore, there is no issue of fact as to whether amendments to the charter agreement deferring payment obligations materially altered the risk covered by Greenwich. BRB, as obligee on

---

[*] The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

the bond, had no duty to disclose the charter's amendments to Greenwich. *See Rachman Bag Co. v. Liberty Mut. Ins.*, 46 F.3d 230, 237 (2d Cir.1995).

Moreover, BRB had no obligation to disclose the financial condition of Premier to Greenwich. There are no allegations that BRB and Greenwich dealt with one another, nor has Greenwich indicated how BRB might have known of Premier's financial condition while Greenwich would not or could not have learned the same information. *See id.* Courts will not protect sureties from their own "laziness or poorly considered decisions." *Cam–Ful Indus. v. Fidelity & Deposit Co.*, 922 F.2d 156, 162 (2d Cir.1991). Sureties must take the initiative to inquire about information they deem appropriate. *Rachman*, 46 F.3d at 235; *Marine Midland Bank v. Smith*, 482 F.Supp. 1279, 1287 (S.D.N.Y.1979).

We considered all other matters raised and deem them without merit.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.